## Case No. 6,942.

### HURTIN v. UNION INS. CO.

### [1 Wash. C. C. 530.] [1]

Circuit Court, D. Pennsylvania.    Oct. Term, 1806.

FREIGHT — DESTINATION OF CARGO—ACCEPTANCE.

If the cargo shipped, is not carried to the place of its destination, no freight can be demanded; if voluntarily accepted by the owner or his agent at any other port, freight pro rata is due; but if it is received by compulsion, and the supra-cargo or captain, acting for the benefit of all, receives the proceeds thereof, no freight is earned or due.
[Cited in The Nathaniel Hooper, Case No. 10,032; Weston v. Minot, Id. 17,453; The Ann D. Richardson, Id. 410; One Thousand Bags of Sugar v. Harrison, 4 C. C. A. 34, 53 Fed. 834.]

This was a case agreed. The insurance was made on the freight of the same vessel, the Monongahela Farmer, (valued at 3,000 dollars;) on which a policy was effected, and

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

the case tried last term.[2] The evidence was the same. It appeared in this case, as in that, that the supra-cargo was prevented from carrying the cargo from Algesiras, without security not to carry it to a British port; which security he could not give. The cargo was sold under the superintendence of the judge, on the petition of the supra-cargo; and the vessel and cargo remained in custody of the king's guards till the sale of the cargo. The supra-cargo acted throughout for the benefit of all concerned, as he found that he could not carry away the cargo, and that the proceeds were realized under this restriction. As soon as he discovered his situation, he wrote to the plaintiff to abandon the cargo and freight, in consequence of the compulsion to which he was subjected.

Hopkinson & Ingersoll, for plaintiff.

The cargo not being carried to the port of its destination, nor accepted voluntarily at any other port, no freight was earned, and consequently a total loss was sustained. 7 Term R. 381.

Mr. Dallas, for defendant.

If the goods be received at all, at any other than the port of destination, freight pro rata is due. If the freighter does not choose to pay freight, he has nothing to do but to abandon the cargo to the owners of the vessel. But if he receives the goods or even the price of them, where they have been sold upon a capture, and restitution awarded; he cannot get clear of paying freight pro rata. Abb. Shipp. 245, 247–249, 257, 258; 2 Burrows, 282; 2 N. Y. 13; 3 N. Y. 16. The case from 7 Term R. was on a charter party to pay freight, on the arrival of the goods at a certain place. The cases from 2 and 3 N. Y. prove that the underwriters on the cargo are not liable for the freight.

WASHINGTON, Circuit Justice. If the cargo is not conveyed to the place of its destination, no freight can be demanded. If voluntarily accepted at any other port, by the owner or his supra-cargo, freight, pro rata itineris, is due. But if it is received by compulsion, and the supra-cargo or captain is acting for the best, for the benefit of all concerned, with a view to preserve it for the person entitled to receive the proceeds, no freight is earned; and a contradictory doctrine would make it the interest of the owner of the cargo or his agent, to sacrifice the cargo, or leave it to perish where the proceeds of it might fall short of paying the freight. The receiving the proceeds under a compulsion, as in this case, must always be taken as done without prejudice. This is rather a stronger case than that of Simond v. Union Ins. Co. [Case No. 12,876], last term; but in both the cases sale was compulsory; in both, the own-

[2] See Hurtin v. Phoenix Ins. Co. [Case No. 6,941].

er of the freight abandoned, and the agent acted for the benefit of all concerned; decidedly so in this case, and in that to the same purpose. Judgment for plaintiff for a total loss.